IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § <br> § <br> Plaintiff, § <br> § Criminal No. 2:18-CR-096-D <br> VS. § <br> § <br> MARCIANA ALEXIS MADISON (2), § <br> § <br> Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses the following motions filed by defendant Marciana Alexis Madison ("Madison"): her discovery motions, filed on October 19, 2018, and her December 3, 2018 motion in limine. Madison is charged in three counts of a three-count indictment with the offenses of conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 18 U.S.C. § 371; possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(viii); and misprision of a felony, in violation of 18 U.S.C. § 4. The trial is set for April 8, 2019.

I

In her discovery motions, Madison requests 23 categories (including subcategories) of discovery. The court has organized some of Madison's categories of evidence into subcategories for purposes of this memorandum opinion and order.

## A

### *Rule 16 Evidence*

Requests Nos. 1, 3, 6-7, and 9 concern matters governed by Fed. R. Crim. P. 16(a)(1). In request No. 1, Madison requests to inspect and copy or photograph all oral, written, or recorded statements made by her, or copies, within the possession, custody, or control of the government, the existence of which is known or by the exercise of due diligence may become known. She asks for disclosure of any written record containing the substance of any relevant oral statement made by her, whether before or after arrest, in response to interrogation by any person then known by Madison to be a law enforcement officer or government agent. In request No. 3, Madison seeks a written summary of any testimony the government intends to use under Fed. R. Evid. 702, 703, or 705, describing the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications. In request No. 6, she asks for all documentary and/or tangible evidence, including books, papers, documents, photographs, buildings, or places, that are material to the preparation of her defense, are exculpatory, or were obtained from or belonged to her. Request No. 7 seeks the results or reports of all physical or mental examinations and of scientific tests or experiments, or fingerprint tests, along with all handwriting exemplars or tests, fingerprint impressions, blood samples, clothing, hair, fiber, voice exemplars, chemical analyses, or other materials relevant to this criminal case, that are known to, or by the exercise of due diligence should be known to, the government. Madison also requests to view the reports of polygraph tests

administered to government informants.[1]  In request No. 9, Madison requests that the government be ordered to produce any evidence that was gained by electronic surveillance in this case, including, but not limited to, wiretaps, videotapes, tape recorded conversations, or the like.

To the extent that Madison requests discovery that the government is required to disclose under Rules 16(a)(1)(A)-(G), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the Jencks Act, 18 U.S.C. § 3500, the motion is granted.  To the extent her requests exceed what is required by these authorities, the motion is denied.

As for Madison's specific request No. 3 for a written summary of any testimony the government intends to use under Fed. R. Evid. 702, 703, or 705, the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications, the court grants the motion to the extent that Rule 16(a)(1)(G) requires disclosure by the government; to the extent Madison requests greater relief, the motion is denied.  The court orders the government to comply with Rule 16(a)(1)(G) no later than the date specified *infra* at § II.

The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

---

[1]See *infra* § I(D) for a discussion of disclosure of any informant's identity.

B

*Impeachment Evidence*

Requests nos. 13-15 and 18-21 relate to the possible impeachment of the government's witnesses at trial. Request No. 13 seeks all information that the government has that will substantially impeach the credibility of a key government witness. In request No. 14, Madison requests all information that the government has regarding the prior criminal record or other prior acts of misconduct of its witnesses. Madison seeks in request No. 15 all agreements that the government has with any witness, and any and all promises or benefits that any witness has received, or expects to receive, as a result of giving testimony—including the disclosure of any plea agreement with respect to criminal charges presently pending or that are being held for filing by law enforcement authorities, and any and all agreements or benefits that have been promised to the witness, discussed with the witness, or that the witness believes are available to the witness. In requests Nos. 18-20, Madison asks for all evidence of psychiatric reports, psychiatric commitments, or drug usage on the part of any witness and the results of any polygraph examination administered to any witness. In request No. 21, Madison requests all information that the government has regarding the untruthfulness of any witnesses whom it may call at trial.

To the extent Madison requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the

Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

C

*Government Investigation Notes*

In request No. 10, Madison moves for the disclosure of any rough notes and memoranda produced as a result of the investigation in this case. She further requests that all such notes and memoranda be preserved.

To the extent Madison requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied. The court grants Madison's request that the government be required to preserve its agents' notes, tapes, and/or memoranda, even if such materials are not disclosed to Madison.

D

*Government Communications to Defendant*

Madison requests in request No. 23 that the government be ordered to disclose whether any agent, informer, or anyone else acting at its direction has communicated with her since the commencement of adversarial proceedings against her (in this case or any related state case), including the identification of such individuals and the details and circumstances of such communications as well as any statements made by both Madison and the government agent(s).

If the government has used an informant in investigating or prosecuting Madison, it

must notify the court *in camera* no later than March 4, 2019. With respect to other individuals, to the extent Madison requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

E

*Coconspirator/Codefendant/Witness Statements*

Requests Nos. 2 and 4 relate to witness statements. Madison requests in request No. 2 that the government disclose any statements, either written or oral, of any witnesses, including those of coconspirators or codefendants. Her request includes grand jury testimony, prior written statements, any witness' reports or notes, any reports of prior oral statements, and any prosecutor's notes concerning witness statements that have been or may be adopted, approved, or verified by the witness. She asks that any disclosures be made at least 48 hours before the witness testifies at trial or any sentencing hearing. In request No. 4, she requests disclosure of grand jury testimony as required under the Jencks Act, including her own recorded grand jury testimony and any exculpatory grand jury witness statements.

To the extent Madison requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied. The court denies Madison's request regarding the production deadline for witness

statements. "18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a) (which pertains to the government and to a defendant) do not authorize the court to compel a party to produce a witness statement any earlier than after a witness has testified on direct examination." *United States v. Khoury*, 2014 WL 6633065, at *5 (N.D. Tex. Nov. 24, 2014) (Fitzwater, J.). "In this district, however, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness." *Id.* Thus the government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

F

Brady *Material*

Requests Nos. 12 and 16-17 concern *Brady* material. In request No. 12, Madison requests that the government be ordered to disclose any exculpatory evidence, as required by *Brady*. Request No. 16 lists 12 subcategories of evidence that Madison maintains would be exculpatory. In request No. 17, she asks that the government's attorney be ordered to examine his or her files and question the government's agents, informants,[2] or other persons working with the government in this case concerning their knowledge of any such evidence or materials. Madison also requests that she be allowed to question the government's attorney and agents concerning their knowledge of exculpatory evidence and diligence in

---

[2]See *supra* § I(D) for a discussion of disclosure of any informant's identity.

attempting to locate such evidence.

To the extent Madison requests discovery that the government is required to disclose under *Brady*, the motion is granted. To the extent her requests exceed what *Brady* requires, the motion is denied. The court also denies her request that her counsel be permitted to question the government's attorney and the government's agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

G

*Rule 404(b) Evidence*

Madison moves in request No. 22 for the disclosure of the general nature of crimes, wrongs, or acts that the government will seek to introduce against Madison under Fed. R. Evid. 404(b). She further requests reasonable notice in advance of trial of such extrinsic act evidence, regardless of how the government intends to use it at trial—i.e., during its case-in-chief, for impeachment, or for possible rebuttal.

The court grants the motion to the extent that the government must comply with Rule 16 and Rule 404(b). The government must make any disclosures required by Rule 404(b) no later than the deadline specified *infra* at § II. Otherwise, the motion is denied.

H

*"Catch-All" Hearsay Exceptions*

In request No. 5, Madison requests disclosure of any statement, including the name and address of the declarant, that the government proposes to offer under the hearsay exception contained in Fed. R. Evid. 807.[3]

The court grants the motion to the extent that the government must comply with Rule 16 and Rule 807. The government must make any disclosures required by Rule 807 no later than the deadline specified *infra* at § II. Otherwise, the motion is denied.

I

*Criminal History Records*

In request No. 8, Madison requests production of her own prior criminal record pursuant to Rule 16(a)(1)(B), as well as the criminal record of any witness to be called to testify. She states that the record should include any records from the Federal Bureau of Investigation, the Department of Public Safety, and any local police department or sheriff's office, as well as any other document reflecting prior arrests and/or convictions for any witness. Madison asks that the government make an inquiry of the particular witness and cause a criminal history of any such witness to be run. She also requests disclosure of any pending criminal charge against a witness.

---

[3]Madison's motion actually states that it is based on Fed. R. Evid. 803(24) and 804(b)(5), but the contents of these exceptions were transferred to Rule 807 in 1997. *See* Rule 807 advisory committee notes (1997 Amendments). The court will treat Madison's motion as if made under the correct rule.

To the extent Madison requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied.

J

*Trial Evidence*

In request No. 11, Madison requests disclosure of all evidence subject to Rule 16 and *Brady*, and all evidence subject to Rule 16 that the government plans to use in its case against Madison.

To the extent Madison requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied.

II

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than March 18, 2019.

Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that precedes the date on which the defendant will begin her cross-examination of the witness.

III

The court next turns to Madison's motion in limine. In the court's October 3, 2018 trial setting order, it states that "Motions in limine must not be filed as a matter of course[.]" Order ¶ 3. It also sets out the requirements for filing such motions:

> [I]f filed, [motions in limine] must be limited to matters that meet the following requirements: (1) the matter cannot adequately be raised by trial objection without prejudice to the moving party and (2) the prejudice of mentioning the matter in the presence of the jury cannot be cured by an instruction from the court. Motions in limine must include neither "standard" requests not tailored to a case-specific matter, nor issues presented in order to obtain substantive rulings that should have been requested in advance of trial by appropriate motion.

*Id.* The matters raised in Madison's motion appear to be "standard" requests that are not specifically tailored to the facts or circumstances of this case. Accordingly, Madison's motion in limine is denied without prejudice to her filing another motion in limine that, "in the exercise of reasonable diligence, [she] could not have known of the basis for . . . as of the motion deadline." *Id.*

**SO ORDERED**.

February 26, 2019.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE